# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 1:18-cv-2205 (RC/GMH) |
| JOHN DOE subscriber assigned IP address 73.128.188.178, | ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION

Before the Court is Plaintiff's motion for leave to serve a third party subpoena prior to a Rule 26(f) conference. For the reasons stated herein, the motion is granted.

## I. BACKGROUND

Strike 3 Holdings, LLC ("Plaintiff") owns the copyrights to certain adult-content motion pictures involved in this action, and has pending registration applications for others. ECF No. 1, ¶¶ 2–3, 32. Plaintiff has filed suit under the Copyright Act of 1976 against Defendant John Doe, alleging that Defendant "illegally download[ed] and distribute[d]" Plaintiff's works using the BitTorrent file-sharing network.[1] *Id.* ¶¶ 1, 24. Plaintiff seeks statutory damages, declaratory and injunctive relief prohibiting further infringement of its copyrighted works, and attorney's fees. *Id.* at 7–8.

Though Plaintiff has identified Defendant's Internet Protocol address ("IP address") and

---

[1] BitTorrent is "a system designed to quickly distribute large files over the Internet" by allowing its users to "connect to the computers of other BitTorrent users in order to simultaneously download and upload pieces of the file from and to other users" and then "automatically reassemble[]" the file "into its original form." ECF No. 1, ¶¶ 17–18.

Internet Service Provider ("ISP"), Defendant's identity remains unknown. *Id.* ¶ 5. For this reason, Plaintiff seeks leave to serve a third party subpoena on Defendant's ISP—Comcast Cable Communications, LLC—that would require the ISP to identify Defendant. Because Defendant has not been named or served, no response has been filed to Plaintiff's motion.

## II. LEGAL STANDARD

Ordinarily, a party "may not seek discovery from any source" before a Rule 26(f) conference unless "authorized by . . . a court order." Fed. R. Civ. P. 26(d)(1). "To determine whether to authorize discovery prior to a Rule 26(f) conference in a particular case, this district has applied a 'good cause' standard." *Malibu Media, LLC v. Doe*, 64 F. Supp. 3d 47, 49 (D.D.C. 2014). "Good cause to take discovery prior to the Rule 26(f) conference exists where the discovery is necessary 'before th[e] suit can progress further.'" *Malibu Media, LLC v. Doe*, No. 15-cv-986 (RDM), 2015 WL 5173890, at *1 (D.D.C. Sept. 2, 2015) (alteration in original) (quoting *Arista Records LLC v. Does 1–19*, 551 F. Supp. 2d 1, 6 (D.D.C. 2008)).

A plaintiff seeking discovery of the identity of an unknown defendant "must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant," *i.e.*, that the putative defendant is either a District of Columbia resident or the alleged injury occurred within the District of Columbia. *See AF Holdings, LLC v. Does*, 752 F.3d 990, 995 (D.C. Cir. 2014); *Malibu Media, LLC*, 2015 WL 5173890, at *1. "The Copyright Act does not provide for the exercise of personal jurisdiction over alleged infringers on any basis." *Malibu Media, LLC v. Doe*, 177 F. Supp. 3d 554, 556–57 (D.D.C. 2016) (citing *Exquisite Multimedia, Inc. v. Does 1–336*, No. 11-cv-1976 (RWR/JMF), 2012 WL 177885, at *2 (D.D.C. Jan. 19, 2012)). A plaintiff "must predicate this Court's jurisdiction over the infringers on the reach of District of Columbia law." *Id.* "The only conceivable way that personal jurisdiction

might properly be exercised" is if the defendant is a "resident[ ] of the District of Columbia or at least downloaded the copyrighted work in the District." *AF Holdings*, 752 F.3d at 996 (citing D.C. Code § 13-423(a)(3), (4)).

### III.     ANALYSIS

Plaintiff has demonstrated that good cause exists to take discovery prior to the Rule 26(f) conference. As a preliminary matter, discovery is necessary because this suit cannot progress without first identifying Defendant so Plaintiff can effect service. *See Arista Records, LLC*, 551 F. Supp. 2d at 6. Second, Plaintiff has established a good faith basis for believing that Defendant is a District of Columbia resident. Using "geolocation technology by Maxmind, Inc. . . . an industry-leading provider of IP address intelligence," Plaintiff traced Defendant's IP address "to a physical address in this District." ECF No. 1, ¶ 9. This use of geolocation service technology, which "enable[s] anyone to estimate the location of Internet users based on their IP addresses," suffices to "provide at least some basis for determining whether [Defendant] might live in the District of Columbia." *See AF Holdings, LLC*, 752 F.3d at 996; *see also Nu Image, Inc. v. Does*, 799 F. Supp. 2d 34, 41 (D.D.C. 2011) (holding that "[p]laintiff has a good faith basis to believe a putative defendant *may* be a District of Columbia resident if a geolocation service places his/her IP address within the District of Columbia, or within a city located within 30 miles of the District of Columbia") (emphasis in original); *Malibu Media, LLC*, 2015 WL 5173890, at *2 (same); *West Coast Prod. Inc. v. Does*, 280 F.R.D. 73, 75 (D.D.C. 2012) (same). The Court therefore finds that Plaintiff should be permitted to propound discovery on Defendant's ISP for the purpose of determining Defendant's identity.

3

## IV. PROTECTIVE ORDER

In similar cases involving adult content, other courts have issued protective orders to establish procedural safeguards. *See e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 17-cv-2347 (TJK), 2018 WL 385418, at *2–*3 (D.D.C. Jan. 11, 2018); *Malibu Media, LLC v. Doe*, No. 15-cv-3504 (JFB/SIL), 2016 WL 4444799, at *2 (E.D.N.Y. Aug. 23, 2016). "The fact that a copyrighted work was illegally downloaded from a certain IP address does not necessarily mean that the owner of that IP address was the infringer." *Media Prods., Inc. v. Does 1–26*, No. 12-cv-3719 (HB), 2012 WL 2190613, at *1 (S.D.N.Y. June 12, 2012). "Indeed, the true infringer could just as easily be a third party who had access to the internet connection, such as a son or daughter, houseguest, neighbor, or customer of a business offering an internet connection." *Id.* As such, "[t]here is a real risk that [a] defendant[ ] might be falsely identified and forced to defend themselves against unwarranted allegations [or that an] innocent defendant may be coerced into an unjust settlement with the plaintiff to prevent the dissemination of publicity surrounding unfounded allegations." *Id.* Without a protective order, "there is no reason to conclude that adequate protections exist to safeguard the individuals or entities subscribing to the implicated IP address[ ] against the danger of 'annoyance, embarrassment, oppression, or undue burden or expense.'" *In re Malibu Media Adult Film Copyright Infringement Cases*, No. 15-cv-1855 (SJF/SIL), 2015 WL 3605834, at *4 (E.D.N.Y. June 8, 2015) (quoting Fed. R. Civ. P. 26(c)). In light of these considerations, the Court finds that a protective order is warranted here.

As such, Plaintiff shall be allowed to serve early discovery by serving a Rule 45 subpoena on the identified ISP that seeks information sufficient to identify John Doe subscriber assigned IP address 73.128.188.178, which may include his/her name, address, telephone number, and email address. Any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by

Plaintiff solely for the purpose of pursuing the claim set forth in its Complaint. Plaintiff shall provide the ISP with a copy of this Memorandum Opinion and the accompanying Order with the attached Notice when it serves its subpoena. The ISP shall then provide the Defendant with a copy of this Memorandum Opinion and the accompanying Order with the attached Notice at least ten (10) business days prior to releasing Defendant's identifying information to Plaintiff. If either the ISP or Defendant wishes to move to quash the subpoena, it must do so before the return date of the subpoena, which shall be no earlier than thirty (30) days from the date of service.[2] The ISP shall preserve any information sought in the subpoena pending the resolution of any timely filed motion to quash. On or before January 4, 2019, Plaintiff shall file a status report with the Court briefly outlining its progress, including an expected completion date of the discovery allowed by the accompanying Order.

## V. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has demonstrated that "good cause" exists to permit limited discovery prior to the Rule 26(f) conference. Accordingly, Plaintiff's motion for leave to serve a third party subpoena prior to a Rule 26(f) conference is **GRANTED**. An appropriate order accompanies this Memorandum Opinion.

Date: October 25, 2018

G. MICHAEL HARVEY
United States Magistrate Judge

---

[2] This Memorandum Opinion merely allows Plaintiff to propound discovery requests earlier than usual. It does not, however, address whether the subpoena will survive a motion to quash, if raised by Defendant or the ISP. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010).